Argued and submitted November 10, 1982, reversed and remanded October 5, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## WESLEY W. ROBINSON,
*Appellant.*

(M107051, M107052; CA A24329 (Control), CA A24573)
(Cases Consolidated)

669 P2d 1175

Patrick K. Mackin, Portland, argued the cause and filed the brief for appellant.

Daryl D. Wilson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals from a judgment of conviction and a restitution order entered after a jury found him guilty of driving while under the influence of intoxicants, ORS 487.540, and reckless driving. ORS 487.550. He raises five assignments of error. We reverse and remand, because the trial court erred in refusing to allow certain testimony of a witness for the defense, and we address two other evidentiary issues likely to arise on retrial.

This case arose out of a traffic accident in which the car driven by defendant collided with three other cars. Defendant stated to one of the investigating officers that his brakes had failed just before the accident. The officer had defendant's car towed, because it was incapacitated and was blocking traffic, and had it impounded for an "investigative hold" to determine whether the brakes had failed. Two days later, Officer Smith visually inspected the brakes at the impoundment lot.

Defendant assigns error to the trial court's denial of his motion to suppress Smith's testimony on the ground that it was the fruit of an unreasonable, warrantless search. The trial court allowed Smith to testify as an expert on automobile brake systems. He testified that one of the brake lines was disconnected and that the master brake cylinder was filled with brake fluid up to the recommended level, one-half inch from the top. His opinion was that, if the brake line had separated before impact, the master cylinder would not have been full of fluid. He concluded that the collision caused the separation and that the brakes had not failed.

The trial court decided that Smith's investigation of the car's brake system did not constitute a "search" under the Fourth Amendment of the United States Constitution, or Article I, section 9, of the Oregon Constitution. We agree.

In light of the Supreme Court's recent decision in *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983), we address whether the scope of the term "search" differs under the Oregon and United States Constitutions. The Fourth Amendment to the United States Constitution provides, in part:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, * * *."

Article I, section 9, of the Oregon Constitution provides, in part:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; * * *."

Nothing in the nearly identical language of the two provisions or the case law indicates that the question whether certain conduct constitutes a search is analyzed differently under the Oregon or United States Constitutions. *State v. Holt,* 291 Or 343, 630 P2d 854 (1981); *see State v. Caraher,* 293 Or 741, 748, 653 P2d 942 (1982).[1] Defendant does not contend that the Oregon Constitution provides greater protection in this context than does the United States Constitution.

To determine whether a particular government intrusion constitutes a search or seizure, Oregon courts have referred to the test advanced by Justice Harlan, concurring in *Katz v. United States,* 389 US 347, 361, 88 S Ct 507, 19 L Ed 2d 576 (1967):

"* * * [T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.' " *State v. Holt, supra,* 291 Or at 348; *State v. Goude,* 49 Or App 721, 725, 620 P2d 957 (1980), *rev den* 290 Or 651 (1981).

Defendant does not contest the validity of the seizure of his car. It is undisputed that the car itself and the physical condition of its brake system were evidence relevant to the reckless driving charge. The asserted government intrusion here consisted of a visual examination of the car's brakes, brake lines and master cylinder. The officer had to remove the cap on the master cylinder to inspect the fluid level. However, the scope of his inspection did not exceed that which was

---

[1] In *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983), the Supreme Court addressed the scope of a permissible warrantless search of articles lawfully seized incident to an arrest. The court analyzed the question differently under Article I, section 9, of the Oregon Constitution than the United States Supreme Court has analyzed that issue under the Fourth Amendment. In *Lowry,* the police tested the contents of a small bottle removed from defendant's clothing. Whether testing the contents of the bottle constituted a "search" was not at issue. Nothing in *Lowry* suggests that the issue of whether certain conduct constitutes a search is to be analyzed differently under the Oregon and United States Constitutions.

required to determine whether the brakes were functional at the time of the accident.

■ It could not be seriously contended that the state would be required to obtain a warrant to depress the brake pedal to determine whether the brake cylinder contained fluid. The inspection here was no more intrusive. We conclude that, under these circumstances, there was no legitimate privacy interest in those portions of defendant's vehicle which would not be likely to contain any of defendant's personal effects and which are regularly inspected by auto mechanics and service station operators. Consequently, Smith's inspection was not a "search" under Article I, section 9, of the Oregon Constitution or the Fourth Amendment to the United States Constitution.

Defendant testified that, after his car was returned approximately two weeks after the accident, he inspected the master cylinder and found that one side was only half full of brake fluid and the other side was nearly empty. To rebut Smith's testimony and to corroborate his own, defendant offered the testimony of his son, James Robinson, and an insurance adjuster, Elliott Snedecor, both as experts on brakes and for their personal observations of the master cylinder. The trial court refused to allow those witnesses to testify.

■ The party offering an expert's testimony must show that the expert is qualified to give an opinion on the particular matters at hand.

> "Whether an expert witness has been shown to be adequately qualified to express an opinion on a particular subject is ordinarily a matter lying within the discretion of the trial court, and, on appeal, his decision will be reversed only for an abuse of that discretion. * * *" *Myers v. Cessna Aircraft,* 275 Or 501, 519, 553 P2d 355 (1976).

Although the son testified that he had worked on automobile brakes about 36 times and had read a little about the subject, he had never been paid for brake work and had no training. Snedecor's testimony shows that he knew very little about automobile brake systems. We conclude that the trial court did not abuse its discretion in refusing to allow them to testify as experts.

■ With respect to the personal observations of these witnesses, the trial court did not err in sustaining an objection to Snedecor's proposed testimony concerning the fluid level in the master cylinder on the ground that it was inadmissible hearsay. ORS 40.450 and 40.455. Under an offer of proof, Snedecor testified that he had inspected the rear half of the master cylinder and had noted that it was empty. He admitted, on cross-examination, however, that he did not know what a master cylinder looked like until a mechanic pointed it out to him. The mechanic did not testify, and there was no evidence that what the mechanic showed him was in fact a master cylinder. Consequently, he could not testify from personal knowledge that the object that he inspected was the master cylinder.

■ The son testified under an offer of proof that he had inspected the master cylinder two weeks after the accident and noted that the fluid level was "half low." There was no contention that he had inspected the wrong object or did not know what a master cylinder looked like. The trial court erred in refusing to allow him to testify to his personal observations concerning a fact question that was critical to defendant's theory of the cause of the accident.

Defendant also argues that the trial court erred by admitting in evidence two photographs of one of the cars involved in the accident that showed extensive damage and blood in the passenger compartment. At trial, defendant objected to the photographs on the grounds that they were irrelevant, prejudical and cumulative. The court also admitted in evidence over 20 other photographs of the four cars involved in the accident. No error is assigned to the admission of these photographs.

On the reckless driving charge, the state had the burden to prove that defendant was aware of and consciously disregarded a substantial and unjustifiable risk that his driving would endanger personal safety or property. ORS 487.550(1); ORS 161.085(9). The photographs were relevant at least to the nature of the damage from which excessive speed could be implied. "The question of cumulativeness and prejudical impact is addressed to the discretion of the trial court." *State v. Hull,* 34 Or App 147, 156, 578 P2d 434 (1978). Here, the two

photographs that were objected to were clearly cumulative, and their slight relevance would warrant their exclusion in view of their prejudicial effect. In view of the necessity of a retrial, we need not decide whether the discretion was abused.

Reversed and remanded for a new trial.